Western Dis.
Oct. 1827.

B.AILLIO & .AL. vs. M.ARL.A C. & WM. WILSON.

Sickness of leading counsel, is good ground for a continuance.

Tutor rendering account should be allowed a reasonable time to answer objections to his account.

APPEAL from the court of probates of the parish of Rapides.

MATTHEWS, J. delivered the opinion of the court. This suit is brought by a number of persons (alleging themselves to be creditors of the late James H. Gordon) against his widow, as trustee of his minor children, and her present husband, Wm. Wilson, to compel them to render an account of the administration of the estate of the deceased, since it came into the hands of the tutrix. An account was rendered, and several of the items therein placed as credits to the defendants, were rejected by the court below, as not having been supported by legal testimony; and, to the opinion of the judge *a quo* by which he rejected those items, bills of exception were taken; and also, to a refusal to grant a continuance claimed by her, on the ground of the sickness of her leading, and, indeed, only attorney. The motion for the continuance was supported by affidavit, stating that fact, and the impossibility which the tutrix laboured under in consequence thereof, to render a full account.

The court of probates proceeded to a clas-

sification of the claims of the creditors on the estate, and ordered payment accordingly, from which the defendants appealed.

In examining the bills of exception, we have concluded that the court below erred in refusing the continuance claimed on the ground of sickness of the counsel. It has been determined in several instances in the supreme court sitting in the eastern district, that the sickness and consequent incapacity of leading and principal counsel in a cause, to attend to it, is a good ground on which to obtain a continuance.

In relation to the other bills of exception to the opinions of the judge, by which he rejected the items of credit, we are of opinion, that time ought to have been allowed to the tutrix, to support them by other testimony, which she might be able to procure, in reasonable delay. The acknowledgment, and payment of debts by tutors and curators, which they know to be owing by the estate which they administer, may be considered as prima facie evidence of the correctness of their proceedings; and when in the settlement of their accounts, such items are contested, reasonable time should be accorded to them to shew the truth and legality of their recognitions, and payments.

Western Dis.
*October.*1827.

BAILLIO &
AL.
*vs.*
WILSON.

In the present case, exceptions to the account offered by the defendant, were not filed until the day of trial, and the discussion of the cause was hurried in such a manner, as to leave no time to the appellants to support the correctness of their account, by destroying the objections raised by their exceptions.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided, and reversed. And it is further ordered, &c. that the cause be remanded to said court, to be tried *de novo*, and that the appellees pay the costs of appeal.

*Thomas, Flint and Scott* for the plaintiffs, *Wilson* for the defendants.